UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RONALD KNEE,                          )
                                      )
                                      )        Case No. 17-3052
                                      )
WEXFORD HEALTHCARE, et al.,           )
    Defendants                        )

MERIT REVIEW AND CASE MANAGEMENT ORDER

This cause is before the Court for merit review of the Plaintiff's complaint and consideration of his motion for appointment of counsel. [5].

The Court is required by 28 U.S.C. §1915A to "screen" the Plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The Plaintiff, a pro se prisoner, says his constitutional rights were violated at Jacksonville Correctional Center by Wexford Healthcare and Dr. Goodman.  Plaintiff was injured while working at the facility on January 7, 2015.  As a result, Plaintiff has suffered with "extreme pain throughout his back and down his legs." (Comp., p. 4). Nonetheless, Dr. Goodman failed to take x-rays or even fully examine Plaintiff. Plaintiff says he has made several requests for medical care and admits he has received some pain relievers, but he claims Dr. Goodman has refused to provide any other

1

treatment. Consequently, Plaintiff's condition has deteriorated" over the last two years. (Comp., p. 5).

To establish an Eighth Amendment violation, Plaintiff must demonstrate he suffered from a serious medical condition and the Defendant was deliberately indifferent to that condition. *See Farmer v Brennan*, 511 U.S. 825 (1994). An inmate may demonstrate a medical professional was deliberately indifferent if he presents "evidence that the patient repeatedly complained of enduring pain with no modifications in care." *Petties v. Carter*, 836 F.3d 722, 731 (7th Cir. 2016). Plaintiff has alleged Dr. Goodman violated his Eighth Amendment rights. However, Plaintiff has not articulated an official capacity claim against Dr. Goodman's employer, Wexford Healthcare. Therefore, the Court will dismiss Defendant Wexford.

The Court notes Plaintiff's injury occurred outside the two year statute of limitations period, but Plaintiff has alleged he suffered from a continuing violation of his constitutional rights. *See Jervis v. Mitcheff*, 258 Fed.Appx. 3, 5–6 (7th Cir. 2007) ("Deliberate indifference to a serious medical need is a continuing violation that accrues when the defendant has notice of the untreated condition and ends only when treatment is provided or the inmate is released."). However, Plaintiff's complaint indicates his current address is Taylorville Correctional Center.(Comp., p. 1). Therefore, his claim before this Court is limited to his medical care from his injury to his transfer to another facility.

In addition, it is unclear from Plaintiff's complaint whether Plaintiff exhausted his administrative remedies for his claim before filing his lawsuit. Plaintiff has checked

the box on his complaint form indicating he completed the grievance procedure. (Comp., p. 3). Nonetheless, Plaintiff attached only partial grievances to his complaint. Defendants may choose to address this issue in a motion for summary judgment.

Finally, Plaintiff has filed a motion for appointment of counsel.[5] Plaintiff has no constitutional right to the appointment of counsel and the Court cannot require an attorney to accept pro bono appointment in a civil case. The most the Court can do is ask for volunteer counsel. *See Jackson v. County of McLean,* 953 F.2d 1070, 1071 (7th Cir. 1992). Nonetheless, in considering Plaintiff's motion, the Court must ask two questions: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007), *citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). Plaintiff states he has written letters to attorneys, but he has not provided evidence of a reasonable attempt to find counsel on his own such as a copy of any letters sent or received or a list of attorneys contacted. Therefore, his motion is denied with leave to renew.[5]

IT IS THEREFORE ORDERED that:

1) Pursuant to its merit review of the complaint under 28 U.S.C. § 1915A, the Court finds the Plaintiff alleges Dr. Goodman was deliberately indifferent to his back and leg pain in violation of Plaintiff's Eighth Amendment rights. The claim is stated against the Defendant in this individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on

motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

3) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from service to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

4) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

5) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Order. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

6) Once counsel has appeared for a Defendant, Plaintiff need not send copies of his filings to that Defendant or to that Defendant's counsel. Instead, the Clerk will file Plaintiff's document electronically and send a notice of electronic filing to defense counsel. The notice of electronic filing shall constitute service on Defendants pursuant to Local Rule 5.3. If electronic service on Defendants is not available, Plaintiff will be notified and instructed accordingly.

7) Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

8) Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

9) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' Counsel.

**IT IS FURTHER ORDERED THAT THE CLERK IS DIRECTED TO:**

**1) Dismiss Defendant Wexford for failure to state a claim upon which relief can be granted. 2) Deny Plaintiff's motion for appointment of counsel with leave to renew, [5]; 3) Attempt service on Defendant pursuant to the standard procedures; 4) set an internal court deadline 60 days from the entry of this order for the court to check on the status of service and enter scheduling deadlines and 5) enter the Court's standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED this 22nd day of May, 2017.


s/ James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE